LUTHER A. MAY *vs.* INHABITANTS OF PRINCETON.

In an action on the Rev. Sts. c. 25, § 22, to recover damages for an injury caused by a defect in a highway, it is not necessary, in order to enable the plaintiff to give evidence that he was in the exercise of ordinary care when the injury was received, that his declaration should aver that fact. Such evidence is admissible, if the declaration avers that the injury was caused by reason of the defect in the highway.

THIS was an action of trespass upon the case, on the Rev. Sts. *c.* 25, § 22, to recover damages alleged to have been occasioned to the plaintiff by an incumbrance in a highway which the defendants were by law obliged to repair. The declaration averred that said highway, on the 14th of March 1844, and for the space of twenty four hours next preceding, was defective, unsafe, and out of repair, and dangerous to travellers, by reason of being blocked up and obstructed by snow; of which defects and want of repair, the defendants, before that day, had reasonable notice; "and the plaintiff, on said 14th of March, was passing and travelling in and upon said highway, with his team employed to transport the mail on said highway, *and by reason of the defects and want of repair aforesaid,* one of his horses was severely corked, receiving a deep wound in one of the hind legs, and suffered great injury; and the plaintiff was thereby hindered and detained for a long space of time, and was put to great cost

and expense, in care and attention to said wound, and was wholly deprived of the valuable services of said horse, for a long space of time."

At the trial in the court of common pleas, before *Merrick*, J. the plaintiff offered evidence tending to show that he was travelling in a proper manner, and in the exercise of ordinary care and diligence, at the time of the alleged accident. The defendants objected to the admission of this evidence, on the ground that there was no allegation of these facts in the plaintiff's declaration. This objection was overruled, and the evidence was admitted. The jury found a verdict for the plaintiff, and the defendants alleged exceptions to the admission of this evidence.

*Bacon*, for the defendants. Whatever is to be proved must be alleged. 1 Chit. Pl. (Perkins's ed.) 254. *Drowne* v. *Stimpson*, 2 Mass. 441. The plaintiff's declaration does not allege that he was in the exercise of ordinary care when the alleged injury occurred to him. But under the statute on which the action is brought, the plaintiff must prove, and the burden is on him to prove, ordinary care. *Smith* v. *Smith*, 2 Pick. 621. *Lane* v. *Crombie*, 12 Pick. 177. *Thompson* v. *Bridgewater*, 7 Pick. 188. *Howard* v. *North Bridgewater*, 16 Pick. 189. *Adams* v. *Carlisle*, 21 Pick. 146.

*N. Wood*, for the plaintiff. The allegation that the injury was caused "by reason of the defects and want of repair" of the highway, is, in legal effect, an allegation that the plaintiff was using ordinary care ; and proof according to the legal effect of an allegation is admissible and sufficient. *Hastings* v. *Lovering*, 2 Pick. 214. *Lent* v. *Padelford*, 10 Mass. 235. The precedents do not contain the allegation of ordinary care. The case of *Worster* v. *Canal Bridge*, 16 Pick. 541, was contested on all points ; but this exception was not there taken. And there was no more necessity to make this allegation in the present case, than to allege that the horse was gentle and the harness strong.

SHAW, C. J. In an action upon the case against a town, on the statute, the defendants objected to the admission of

evidence tending to show that the plaintiff was driving with due care, because there was no specific averment to that effect in the declaration. Undoubtedly the rule of law is a sound one, that the *probata* must conform to the *allegata*, and that evidence cannot be given of facts not alleged. But the mode of averment is regulated by judicial practice, generally too well settled to be called in question. Under a count for money had and received, for instance, a great variety of facts may be given in evidence, of which the declaration gives no intimation.

In the present case, the court are of opinion, that the declaration is sufficient to admit the proof offered. To maintain this action, the plaintiff is bound to prove affirmatively, not only that the highway was defective, but that his loss was caused by that defect. The *per quod* is of the essence of the charge, and must be strictly proved. Though the highway be ever so defective, if the plaintiff has suffered no 'oss *by reason* of such defect, he has no cause of action. *Lane* v. *Crombie*, 12 Pick. 177. *Smith* v. *Smith*, 2 Pick. 621.

When a traveller on the highway has broken down, it is obvious that this may be attributed to either one of two causes ; viz. his own negligence, or the defect in the highway. Proof, which negatives the one, tends to establish the other, as the true and sole cause. This is the ground of the decisions, cited in the argument, to prove, as they do most fully, that the plaintiff must show that he was driving with due care. It is to negative carelessness, and prove that the accident was occasioned exclusively by the defect in the highway. The plaintiff therefore may give affirmative proof that he was driving with due care, because it establishes his main averment, and the one on which his right of action must rest, namely, that his loss was occasioned *by reason* of the defect in the highway. Even if this were an irregularity and defect in the declaration, we think it would be within the authority of that class of decisions, in which it has been held, that a case, if defectively stated, is aided by verdict, because the court will presume that the requisite proof to

support the case was given at the trial.   *Worster* v. *Canal Bridge*, 16 Pick. 541.   If no sufficient case is stated in the declaration, the defendant has his remedy in a demurrer, or motion in arrest of judgment, and not by excepting to evidence.                                                   *Exceptions overruled.*